# GOTTLIEB, RACKMAN & REISMAN, P.C.

COUNSELORS AT LAW

PATENTS · TRADEMARKS · COPYRIGHTS · INTELLECTUAL PROPERTY

270 MADISON AVENUE
NEW YORK, N. Y. 10016-0601
PHONE: (212) 684-3900 · FACSIMILE: (212) 684-3999
WEB: http://www.grr.com · E-MAIL: info@grr.com

ALLEN I. RUBENSTEIN
JEFFREY M. KADEN
MARIA A. SAVIO
MARC P. MISTHAL
BARRY R. LEWIN
MITCHELL S. FELLER

COUNSEL
DIANA MULLER*

*MEMBER OF THE BAR
OF ARGENTINA ONLY

DONNA L. MIRMAN
JONATHAN M. PUROW
JASON R. WACHTER
JONATHAN A. MALKI
MICHAEL NESHEIWAT
DAVID D. RODRIGUES

PATENT AGENT
ZOYA V. CHERNINA

OF COUNSEL
GEORGE GOTTLIEB
JAMES REISMAN
DAVID S. KASHMAN
TIBERIU WEISZ
SILVIA SALVADORI

March 18, 2016

**Via ECF**
The Honorable Barbara Moses
United States Magistrate Judge
United States District Court for the Southern District of New York
Daniel Patrick Moynihan Courthouse
New York, New York 10007

Re:        ***Closed Joint Stock Co. "CTC Network", et al. v. ActavaTV, Inc.,***
           **15 Civ. 8681 (GBD) (BCM)**

           <u>**Request for Pre-Motion Discovery Conference**</u>

Dear Judge Moses:

As recognized by the Hon. Jack B. Weinstein, "[t]he propriety and desirability of protective orders securing the confidentiality of documents containing sensitive commercial information that are the subject of discovery … is too well established to belabor." *In re Zyprexa Litig.*, 474 F.Supp.2d 385, 416 (E.D.N.Y. 2007).

Judge Weinstein's maxim notwithstanding, Plaintiffs have inexplicably refused to stipulate to the entry of a protective order governing disclosure of sensitive information disclosed in discovery directed to the as-yet unscheduled damages inquest ordered in this matter. Therefore, in order to guard against the potentially unfettered dissemination of sensitive financial documents to third parties, Actava respectfully requests that the Court enter the draft proposed protective order attached as <u>Exhibit A</u>.

The entry of a protective order solidifying the parties' expectations and preserving their rights is necessary and proper. In connection with the inquest, Plaintiffs have sought—and Actava has agreed to confidentially produce—documents and materials disclosing non-public commercial information, including, by way of example, "the amount of payments received by Actava for its IPTV service" and "Actava's payment of state, federal and other applicable taxes."

Given the nature of the information sought, Actava has raised the issue of a protective order with Plaintiffs on multiple occasions, twice revising its initial proposed draft order to accommodate Plaintiffs' concerns. As Your Honor will recall, Actava's letter in reply to Plaintiffs' Request for Pre-motion Conference for Preliminary Injunction [Dkt. 44] recounts the parties' interactions on this issue from the period between the

Hon. Barbara C. Moses
United States Magistrate Judge
March 18, 2016
Page 2

parties' initial meet and confer phone conference on February 25,[1] through the submission of Actava's March 4 letter.

On March 4 we served Actava's responses and objections to Plaintiffs' First Request for Documents. Actava's responses provide that it will produce non-objectionable, non-privileged documents concerning its subscriber base, revenues, and tax payments on a confidential basis, subject to the entry of a protective order.[2]

After receiving Actava's responses and objections, Plaintiffs reiterated their knee-jerk rejection to the entry of any protective order. In an email dated March 5, 2016, counsel for Plaintiffs claimed that they would be willing only to "consider" requests from Actava to maintain the confidentiality of "specific documents" on an ad hoc basis. Such regime would want for any protocol as to the treatment of designated documents.

As Your Honor will recall, we raised the issue of a protective order during the March 7 status conference. During the conference, Your Honor noted that the Court is "leery of attorney's eyes only designations…." An excerpt of the transcript of the Status Conference is attached as Exhibit B. In view of Your Honor's concerns, on the evening of March 7 we sent Plaintiffs' counsel a revised draft of the proposed order without a designation of "highly confidential—attorneys'-eyes only".

Moments before we sent the revised order, we received an email from counsel stating in part that "[w]e agree with Judge Moses about attorneys' eyes only production…." The email goes on to state that "[w]e do not agree to a confidentiality order but if you have some documents that you would like to discuss … we are willing to consider them. We do not understand why financial documents would be confidential, you can redact social security numbers." We replied in an email the following day, March 8, noting that we had already provided a revised order addressing the Court's concerns, and asking Plaintiffs yet again to stipulate to its entry. However, counsel replied on March 9 by again summarily rejecting the revised order.

Shortly after receiving Plaintiffs' March 9 email, the parties conducted another meet and confer in an effort to address their discovery disputes, including as to the entry of a protective order.[3] Once more, Actava represented that the proposed order would be used

---

[1] The parties' February 25 meet and confer by telephone continued for approximately one hour, covering multiple topics including the need for a protective order. Plaintiffs were represented by Mr. Dowd and Mr. Blaustein. Mr. Malki and I represented Actava.

[2] Actava produced non-confidential documents to Plaintiffs on March 16, 2016.

[3] Mr. Dowd, Mr. Blaustein, and Ms. Hoffmann represented the Plaintiffs during the March 9 teleconference, joined by Mr. Christopher Vidulich. I represented Actava with Mr. Malki. The meet and confer lasted for approximately one hour.

Hon. Barbara C. Moses
United States Magistrate Judge
March 18, 2016
Page 3

to secure the confidentiality of tax returns and internal accounting information, and that by the order's explicit terms designated documents could be disclosed to the parties, *and* any necessary third party service providers.

Moreover, as a show of good faith, we noted during the conference and in a confirming email that we would provide designated documents promptly upon receiving a copy of the draft order signed by counsel—in other words, *even prior to Your Honor's entry of such an order*. We reiterated our offer via email following the meet and confer.

On March 11, counsel sent a notice of deposition of Actava pursuant to Fed. R. Civ. P. 30(b)(6). In confirming our receipt of the notice, we stated "that because the deposition [would focus on] Actava's finances, we again reiterate the need for a protective order…. To that end, we continue to hope that Plaintiffs will stipulate to the most recent draft … sparing the parties any needless motion practice on that issue." On March 15, Actava sent yet another email requesting that Plaintiffs stipulate to entry of the protective order. Finally, in an email sent on March 17, Plaintiffs fully and finally rejected any possibility that they would stipulate to the entry of a governing protective order. Per their email, Plaintiffs would only concede that they would be willing to "consider [Actava's] request" to designate a particular document as confidential on a makeshift basis, without recourse to or guidance from the terms of a duly-entered protective order. A complete set of the parties' correspondence concerning this issue is attached as <u>Exhibit C</u>.

Plaintiffs' position is, frankly, bewildering. Actava has remedied Plaintiffs' purported concerns by explicitly including translators among the enumerated service providers to whom designated documents may be disclosed, and by stripping the "attorneys'-eyes only" tier out of the proposed order. Plaintiffs nevertheless continue their objection, despite identifying no deficiency in the revised proposed order and having advanced no justification why the parties should be permitted to disclose private financial data to the world without constraint.

Plaintiffs' stance conflicts not only with the holdings of courts in the Second Circuit, but with the Federal Rules themselves, which provide that courts "may, for good cause, issue [a protective] order … including … (G) [an order] requiring that … commercial information not be revealed or be revealed only in a specific way." Fed. R. Civ. P. 26(c)(1). The discovery that Your Honor has ordered overwhelmingly concerns closely held commercial information, such as, by way of example, detailed breakdowns of Actava's revenues and expenses, including overhead, payroll, and cost of goods sold. Actava is entitled to produce such otherwise private information on a confidential basis subject to a duly executed protective order. *See, e.g.*, *Std. Inv. Chtd., Inc. v NASD*, 2008 U.S. Dist. LEXIS 4617, at *50 (S.D.N.Y. Jan. 23, 2008) (defendant's "confidential business information" properly subject to protective order).

Moreover, Plaintiffs have sought—*and Actava has agreed to confidentially produce*—available tax returns for the relevant period. It is axiomatic that tax returns may

Hon. Barbara C. Moses
United States Magistrate Judge
March 18, 2016
Page 4

be shielded from disclosure to third parties. *See, e.g., U.S. v Rajaratnam*, 753 F. Supp. 2d 317, 323-24 S.D.N.Y. 2011) ("[J]udicial consensus is that, while tax returns are not privileged, courts, as a matter of policy, should be cautious in ordering their disclosure.") (internal citations omitted). Second Circuit courts have acknowledged the common sense "policy of maintaining confidentiality of tax returns." *Id*. at 325 (internal citations omitted). As such it is reasonable and appropriate that the Court authorize Actava to produce tax returns subject to the proposed order.

Finally, Actava notes that during the course of this fiercely litigated matter, the parties have had little success in bridging their differences without directive from the Court. As a practical matter, therefore, absent the entry of an order settling their rights and duties, Actava believes that Plaintiffs' apparent unwillingness to agree to confidential production of financial information is likely to lead to repeated—and wholly avoidable—clashes that will require adjudication by the Court. In establishing the parties' obligations at the outset, entry of the proposed order is likely to prevent repeated appeals to the Court and to permit the parties to engage on substantive concerns rather than satellite disputes. Furthermore, should it become necessary, the proposed order provides the parties a mechanism to challenge the designation of any document produced subject to its terms.

In sum, Actava has a substantial interest in preserving the confidentiality of its tax returns, internal financial reports, and sensitive information. The entry of a protective order deeming certain materials confidential and reserving them from disclosure to unrelated third parties comports with precedent, advances sound policy, and preserves judicial economy. The terms of Actava's proposed order are limited, as no document deemed confidential may be withheld from any party. Finally, Plaintiffs have indicated no defect in the revised proposed order, and advanced no justification for their position that Actava's internal tax and financial information should be held free for disclosure to third parties on a wholly unfettered basis.

For all the forgoing reasons, therefore, Actava respectfully requests that Your Honor enter the proposed order attached hereto as <u>Exhibit A</u>.

Respectfully submitted,
GOTTLIEB RACKMAN AND REISMAN, P.C.

/s/ Marc P. Misthal
Marc P. Misthal
Jonathan A. Malki

*Attorneys for Defendant ActavaTV, Inc.*

cc:      All counsel of record (via ECF)

EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

<table>
<tr><td>

Closed Joint Stock Company "CTC Network", Closed Joint Stock Company "TV DARIAL", and Closed Joint Stock Company "New Channel",

Plaintiffs,

   v.

ActavaTV, Inc.,

Defendant.

</td><td>

ECF Case

Civil Action No.:
<u>15 Civ. 8681 (GBD) (BCM)</u>

**[PROPOSED] STIPULATED PROTECTIVE ORDER AND NON-DISCLOSURE AGREEMENT**

</td></tr>
</table>

BARBARA C. MOSES, U.S.M.J.:

WHEREAS, the parties to this action (collectively the "Parties" and each individually a "Party") request that this Court issue a protective order pursuant to Federal Rule of Civil Procedure 26(c) to protect the confidentiality of nonpublic and competitively sensitive information that they may need to disclose in connection with discovery in this action;

WHEREAS, the Parties, through counsel, agree to the following terms; and

WHEREAS, this Court finds good cause exists for issuance of an appropriately-tailored confidentiality order governing the pretrial phase of this action,

IT IS HEREBY ORDERED that any person subject to this Order—including, without limitation, the Parties to this action (including their respective corporate parents, successors, and assigns), their representatives, agents, experts and consultants, all third parties providing discovery in this action, and all other interested persons with actual or constructive notice of this Order—will adhere to the following terms, upon pain of contempt:

1.     With respect to information of any kind produced or disclosed in the course of discovery in this action ("Discovery Material") that a Party or person has designated as

"**<u>Confidential</u>**" pursuant to this Order (collectively, "Confidential Discovery Material"), no Party or person subject to this Order may disclose such Confidential Discovery Material to anyone else except as this Order expressly permits.

2.      The Party or person producing or disclosing Discovery Material (the "Producing Party") may designate as **<u>Confidential</u>** any Discovery Material for which it deems that a) the designated Discovery Material contains confidential and/or proprietary commercial information that is not generally available to the public; and b) a reasonable basis exists for limiting dissemination of the material under the standards of Fed. R. Civ. P. 26.

3.      With respect to the portions of any Discovery Material other than deposition transcripts and exhibits designated as Confidential under this Protective Order, the Producing Party or its counsel may designate such portion as Confidential by: (a) stamping or otherwise clearly marking the protected portion as "Confidential" in a manner that will not interfere with legibility or audibility; and (b) producing for future public use another copy of said Discovery Material with the confidential information redacted.

4.      A Producing Party or its counsel may designate deposition exhibits or portions of deposition transcripts as Confidential Discovery Material either by: (a) indicating on the record during the deposition that a question calls for Confidential information, in which case the reporter will bind the transcript of the designated testimony in a separate volume and mark it as "Confidential Information Governed by Protective Order;" or (b) notifying the reporter and all counsel of record, in writing, within 30 days after a deposition has concluded, of the specific pages and lines of the transcript that are to be designated "Confidential," in which case all counsel receiving the transcript will be responsible for marking the copies of the designated transcript in their possession or under their control as directed by the Producing Party or that person's counsel. During the 30-day period following a deposition, all Parties will treat the

2

entire deposition transcript as if it had been designated Confidential.

5.      If at any time before the trial of this action a Producing Party realizes that it should have designated as Confidential some portion(s) of Discovery Material that it previously produced without limitation, the Producing Party may so designate such material by so apprising all prior recipients in writing. Thereafter, this Court and all persons subject to this Order will treat such designated portion(s) of the Discovery Material as Confidential.

6.      Nothing contained in this Order will be construed as: (a) a waiver by a Party or person of its right to object to any discovery request; (b) a waiver of any privilege or protection; or (c) a ruling regarding the admissibility at trial of any document, testimony, or other evidence.

7.      Discovery Material designated as **Confidential** under paragraph 2 of this Order may be disclosed only to the following persons:

    a.   the Parties to this action, their insurers, and counsel to their insurers;

    b.   counsel retained specifically for this action, including any paralegal, clerical, or other assistant that such outside counsel employs and assigns to this matter;

    c.   this Court, including any appellate court, its support personnel, and court reporters;

    d.   as to any document, its author, its addressee, and any other person indicated on the face of the document as having received a copy;

    e.   any mediator or arbitrator that the Parties engage in this matter or that this Court appoints, provided such person has first executed a Non-Disclosure Agreement in the form annexed as Exhibit A;

    f.   any person a Party retains to serve as an expert witness or otherwise provide specialized advice to counsel in connection with this action, provided such person

has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>;

g.  stenographers engaged to transcribe depositions conducted in connection with this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>;

h.  any witness who counsel for a Party in good faith believes may be called to testify at trial or deposition in this action, provided such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>; and

i.  outside vendors or service providers (such as translators, copy-service providers, and document-management consultants) that counsel hire and assign to this matter provided such person has first executed a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>.

8.  Before disclosing any Confidential Discovery Material to any person referred to in subparagraphs 8(e)-(i) above, counsel must provide a copy of this Order to such person, who must sign a Non-Disclosure Agreement in the form annexed as <u>Exhibit A</u>, stating that he or she has read this Order and agrees to be bound by its terms. Said counsel must retain each signed Non-Disclosure Agreement, hold it in escrow, and produce it to opposing counsel either before such person is permitted to testify (at deposition or trial) or at the conclusion of the case, whichever comes first.

9.  Any Party who objects to any designation of confidentiality may at any time before the trial of this action serve upon counsel for the Producing Party a written notice stating with particularity the grounds of the objection. Pursuant to Local Civil Rule 37.3(a), counsel for the Parties shall meet and confer in a good effort to resolve the dispute. If the Parties cannot resolve the dispute, counsel for all affected Parties will address their dispute to this Court in

4

accordance with Local Civil Rules 37.2 and 37.3(c), and subparagraph II(B) of this Court's Individual Practices.

10.     Recipients of Confidential Discovery Material under this Order may use such material solely for the prosecution and defense of this action and any appeals thereto, and not for any business, commercial, or competitive purpose or in any other litigation proceeding. Nothing contained in this Order, however, will affect or restrict the rights of any Party with respect to its own documents or information produced in this action.

11.     Nothing in this Order will prevent any Party from producing any Confidential Discovery Material in its possession in response to a lawful subpoena or other compulsory process, or if required to produce by law or by any government agency having jurisdiction, provided that such Party gives written notice to the Producing Party as soon as reasonably possible, and if permitted by the time allowed under the request, at least 10 days before any disclosure. Upon receiving such notice, the Producing Party will bear the burden to oppose compliance with the subpoena, other compulsory process, or other legal notice if the Producing Party deems it appropriate to do so.

12.     Each person who has access to Discovery Material designated as Confidential pursuant to this Order must take all due precautions to prevent the unauthorized or inadvertent disclosure of such material.

13.     Within 60 days of the final disposition of this action – including all appeals – all recipients of Confidential Discovery Material must either return it – including all copies thereof – to the Producing Party, or, upon permission of the Producing Party, destroy such material – including all copies thereof. In either event, by the 60-day deadline, the recipient must certify its return or destruction by submitting a written certification to the Producing Party that affirms that

it has not retained any copies, abstracts, compilations, summaries, or other forms of reproducing or capturing any of the Confidential Discovery Material. Notwithstanding this provision, the attorneys that the Parties have specifically retained for this action may retain an archival copy of all pleadings, motion papers, transcripts, expert reports, legal memoranda, correspondence, or attorney work product, even if such materials contain Confidential Discovery Material. Any such archival copies that contain or constitute Confidential Discovery Material remain subject to this Order.

14.    This Order will survive the termination of the litigation and will continue to be binding upon all persons to whom Confidential Discovery Material is produced or disclosed.

15.    This Court will retain jurisdiction over all persons subject to this Order to the extent necessary to enforce any obligations arising hereunder or to impose sanctions for any contempt thereof.

SO STIPULATED AND AGREED.

Dated: March 18, 2016           DUNNINGTON BARTHALOW & MILLER LLP

By: _____

      Raymond J. Dowd
      Samuel A. Blaustein

*Attorneys for Closed Joint Stock Company "CTC Network", Closed Joint Stock Company "TV DARIAL", and Closed Joint Stock Company "New Channel"*

Dated: March 18, 2016           GOTTLIEB, RACKMAN & REISMAN, P.C.

By: _____

      Marc P. Misthal
      Jonathan A. Malki

*Attorneys for ActavaTV, Inc.*

Dated: _____         **SO ORDERED.**

_____

      Barbara C. Moses
      United States Magistrate Judge

# EXHIBIT A

**UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Closed Joint Stock Company "CTC Network", Closed Joint Stock Company "TV DARIAL", and Closed Joint Stock Company "New Channel",<br><br>                              Plaintiffs,<br><br>        v.<br><br>ActavaTV, Inc.,<br><br>                              Defendant. | **NON-DISCLOSURE**<br>**AGREEMENT**<br><br>15 Civ. 8681 (GBD) (BCM) |

        I, _____, acknowledge that I have read and

understand the Protective Order in this action governing the non-disclosure of those portions of

Discovery Material that have been designated as Confidential. I agree that I will not disclose such

Confidential Discovery Material to anyone other than for purposes of this litigation and that at

the conclusion of the litigation I will return all discovery information to the Party or attorney

from whom I received it. By acknowledging these obligations under the Protective Order, I

understand that I am submitting myself to the jurisdiction of the United States District Court for

the Southern District of New York for the purpose of any issue or dispute arising hereunder and

that my willful violation of any term of the Protective Order could subject me to punishment for

contempt of Court.


                                        _____

                                        Dated:

<u>EXHIBIT B</u>

33

1   some of that information, Mr. Dowd, that you may need as

2   against other bad guys out there in the world.

3           By the time we have the settlement conference, with

4   luck if you guys leave me alone and let me sit down and write,

5   you might have a decision on the motion to vacate as well.

6           Anything further for today?

7           MR. MISTHAL:  Your Honor, if I may?

8           THE COURT:  Yes.

9           MR. MISTHAL:  One other issue.  We heard a little

10  bit about the discovery responses that --

11          THE COURT:  Yeah.  It sounds like Mr. Dowd may be

12  making a motion to compel but of course you have to meet and

13  confer in good faith before anything like that happens.

14          MR. MISTHAL:  Well, I'd like to address that in part

15  because I think there is something that the Court could

16  perhaps do that would help break a logjam.

17          One of the issues that's certainly of concern to our

18  clients since this is financial discovery is the issue of a

19  protective order.  We did provide Mr. Dowd with a draft

20  protective order.  We spoke about it briefly.  There was some

21  comment that plaintiff was not inclined to agree to the entry

22  of a blanket protective order.  That frankly --

23          THE COURT:  Is it a standard protective order or is

24  there an attorney's eyes only feature which makes life more

25  difficult for opposing counsel?

34

1          MR. MISTHAL:  There is an attorney's eyes only

2    feature given that there's financial information involved,

3    Your Honor.

4          THE COURT:  That does make life more difficult for

5    counsel who often feel that they can't accurately interpret

6    financial information without consulting with their own client

7    particularly if there's a language issue.

8          MR. MISTHAL:  Well, we would certainly be happy if

9    there was information that was designated, we'd certainly

10   entertain a request to disclose that.  It would certainly not

11   be unreasonable.  We've done -- I've done that in other cases,

12   Your Honor, where financial information has been provided to

13   opposing counsel on an attorney's eyes only basis and they

14   come back to me and say we'd like to disclose this to our

15   client --

16         THE COURT:  Well, I have to tell you I don't want to

17   prejudge an issue that hasn't been briefed to me yet, and I

18   don't like give advisory opinions.  So I'm not giving you an

19   advisory opinion but I will share with you for guidance

20   purposes that I too am leery of attorney's eyes only

21   designations particularly when what we are dealing with is

22   information which is sensitive only because it is financial.

23   Everybody has financial information; that doesn't make it the

24   formula for Coca-Cola.

25         And you would have to convince me that this was

1   above and beyond garden-variety financial information and you

2   would also have to convince me that there was some particular

3   reason why the ordinary restraints on the dissemination and

4   use of information under a confidentiality order such as it

5   can't be disseminated beyond certain designated client

6   representatives, it can't be published, it can't be made use

7   of other than in this case.  Perhaps there are even going to

8   be sealing requirements subject to the local rules regarding

9   sealing if that information is used -- would otherwise be put

10  on the docket, those kinds of things.  You would have to

11  explain to me and persuade me why those would not be

12  sufficient to protect whatever is sensitive in that financial

13  information.  If you really do have the formula for Coca-Cola

14  in there, then maybe attorney's eyes only treatment is

15  warranted.

16          MR. MISTHAL:  Understood, Your Honor.  Thank you.

17          THE COURT:  All right.  Anything further?

18          MR. MISTHAL:  No, Your Honor.

19          THE COURT:  Thank you for coming in.

20          MR. MISTHAL:  Thank you very much.

21          THE COURT:  We're done.

22          MR. DOWD:  Thank you very much, Your Honor.

23          THE COURT:  Was there any recording made of today's

24  hearing?

25          THE CLERK:  Yes.

<u>EXHIBIT C</u>

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Raymond Dowd <RDowd@dunnington.com> |
| **Sent:** | 17 March 2016 04:53 PM |
| **To:** | Marc Misthal; Jonathan A. Malki |
| **Subject:** | CTC et al. v. ActavaTV, Inc. - 15 Civ. 8681 -  Actava Failure To Produce Discovery |
| **Importance:** | High |

Dear Marc and Jonathan:

As you know, during repeated meet and confer sessions, we have repeatedly requested that you identify documents that you thought to be confidential and we told you that we would work through your concerns and likely permit redaction to eliminate whatever concerns you have.  You keep coming back with confidentiality orders that we have told you that we are not willing to sign because we have foreign clients and language barriers that create both a risk of inadvertent dissemination as well as an impediment to our lawful investigations and enforcement efforts.  We have reviewed the cases you cited as well as your revised draft proposed confidentiality order.   We, again, repeat that we do not agree that Rule 26(c) provides, in this instance, for the issuance of a blanket protective order that may be used to stymie our clients' future  enforcement efforts and potentially expose them to liability.   Specifically, we further believe that you have not proffered any evidence that you could establish "good cause" warranting a protective order as is your burden under Rule 26.  Indeed, you have failed to proffer any reason as to why any of Actava's documents are confidential, other than that they contain financial information relating to the amount of infringements your client admittedly engaged in.   We do not believe that the case law you cite supports the proposition that you may withhold this information.  Rather than demonstrate any potential injury as required, you have instead taken the unsupported position that all financial data is confidential and therefore not discoverable absent a protective order that would only cause further discovery motions to be filed.  Again, the cases that you rely on do not support this proposition.  With respect to the source material, having admitted that Actava has no rights to Plaintiffs channels, it is clear that establishing confidentiality as to how the signals were stolen is not possible.

Our unwillingness to enter into a blanket confidentiality agreement is premised on our review of the cases cited in your March 9 email following our request.  Both *In re Zyprexa Injunction* and *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.,* make clear that confidentiality is the exception to the rule and that the burden is on the party seeking confidentiality to establish "good cause" under Rule 26(c).  Contrary to your interpretation,  "good cause" requires a "particular and specific demonstration of fact, as distinguished from stereotyped and conclusory statements" and "[b]road allegations of harm, unsubstantiated by specific examples or articulated reasoning, do not satisfy the Rule 26(c) test."  *Application of Akron Beacon Journal*, No. 94 CIV. 1402 (CSH), 1995 WL 234710, at *10 (S.D.N.Y. Apr. 20, 1995) (citations omitted).  Moreover, the cases you cite deal with dramatically different facts and documents.  *In re Zyprexa* concerned "medical records and trade and proprietary information" and *Standard Inv. Chartered, Inc.* concerned valuations and other trade secrets resulting in a finding that "it has clearly defined the injury it stands to suffer by identifying particular future transactions with respect to which broad disclosure would cause it to suffer a competitive disadvantage."

Many cases that present more analogous circumstances to those in issue have reached a different conclusion to  *In re Zyprexa Injunction* and *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.*  For instance, in *In re Parmalat Sec. Litig.*, 258 F.R.D. 236, 250 (S.D.N.Y. 2009) the court held both that "defendants have not shown good cause to protect the documents challenged by Lead Plaintiffs on the ground

that they contain 'strategic information' or 'financial information'" and "[b]ecause GT–US fails to offer specific evidence showing that any of its 'audit materials' contain information that confers on GT–US a particular advantage not already commonly known to the industry, GT–US's witness's conclusory testimony to the contrary rings hollow."  As set forth in a prior case, that a party desires financial information to remain confidential is not sufficient grounds to enter an order under Rule 26.  *Lee v. F.D.I.C.,* 923 F. Supp. 451, 455 (S.D.N.Y. 1996) ("the Court finds clear evidence that Chase would prefer that the information be kept confidential but does not find adequate documentation of the specific, credible, and likely reasons why disclosure of the document would actually cause substantial competitive injury to Chase").

Our conversations, to date, have been circular in nature due to your unwillingness to make a proffer as to why Actava contends that each and every document it possesses is confidential.  Respectfully, Actava has not even attempted to establish why its documents warrant confidential treatment.  If made necessary on account of Actava's continued stonewalling, we will also attempt to obtain information pertaining to Actava's membership and profits in third-party discovery and seek the associated costs and fees from Actava.

To be clear, if Actava submits that a particular document warrants confidential treatment, we will consider the request and may agree to enter into a targeted confidentiality or other agreement that protects our clients' respective interests.  However, we believe that Judge Moses' guidance beginning on page 34 of the last hearing transcript clearly suggests that – absent a showing by Actava as to why confidential treatment is required – Plaintiffs are under no obligation to enter into a one-sided agreement to access information that is properly discoverable.  Accordingly, Plaintiffs will move to compel if Actava continues to refuse to produce additional documents prior to the entry of a confidentiality order.

The foregoing notwithstanding, we believe a compromise is both possible and beneficial to the parties. With respect to the financial information sought in discovery as authorized by Magistrate Judge Moses, Plaintiffs require, (i) the number of subscribers to Actava; and (ii) verifiable evidence of gross revenues flowing from the subscriptions and sales relating to the infringements for the three-year period preceding the filing of this action.  As previously mentioned, with respect to the financial information, we do consent, to Actava's counsel redacting any sensitive information  (e.g. trade secrets and personal identifying information) and representing to us the nature and scope of the redactions.

With respect to the source information regarding how Actava acquired Plaintiffs' signals, we have no intention of revealing the fact that Actava is the "source of the source" and would have no objection to your redaction of any reference to Actava in connection with your production.   The source remains our primary source of concern and we will move to compel if a resolution cannot be reached.


Respectfully yours,

Raymond J. Dowd
Partner
**DUNNINGTON, BARTHOLOW & MILLER LLP**
250 Park Avenue
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
Email: rdowd@dunnington.com

## Jonathan A. Malki

| | |
|---|---|
| **From:** | Jonathan A. Malki |
| **Sent:** | 16 March 2016 08:05 PM |
| **To:** | Raymond Dowd; Samuel Blaustein; Anna-Katharina Hoffmann |
| **Cc:** | Marc Misthal |
| **Subject:** | CTC, et al. v. ActavaTV, Inc. - 15 Civ. 8681 - Actava's First Production of Documents |
| **Attachments:** | ACTAVA000001-ACTAVA000001.pdf; ACTAVA000002-ACTAVA000002.pdf; ACTAVA000003-ACTAVA000003.pdf; ACTAVA000004-ACTAVA000004.pdf; ACTAVA000005-ACTAVA000005.pdf; ACTAVA000006-ACTAVA000006.pdf |

Dear Ray, Sam, and Anna,

Attached please see Actava's first production of documents in the above-referenced matter, Bates numbered ACTAVA000001 to ACTAVA000006. Please note that each of the attached documents are non-confidential and therefore are produced without regard to the entry of a protective order.

We continue to look forward to Plaintiffs' reply with respect to the proposed protective order.

Very truly yours,



**Jonathan A. Malki**
**Associate**
**Gottlieb, Rackman & Reisman, P.C.**



☎ (212) 684-3900 ext. 240
🏠 www.grr.com
✉ jmalki@grr.com
🖥 270 Madison Avenue,
   New York, New York 10016

**Manhattan | Garden City | White Plains**

   

This message is intended solely for the use of the Addressee (s) and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Gottlieb, Rackman & Reisman, P.C. for any loss or damage arising in any way from its use.  Thank You.

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Jonathan A. Malki |
| **Sent:** | 15 March 2016 04:44 PM |
| **To:** | Raymond Dowd; Samuel Blaustein; Anna-Katharina Hoffmann |
| **Subject:** | CTC, et al. v. Actava - Discovery Matters/Protective Order |

Dear Ray, Sam, and Anna:

We are writing once again to request that Plaintiffs agree to stipulate to the draft protective order that we forwarded to you on Monday, March 7.

As we represented during our meet and confer of March 9 and in our subsequent email correspondence, Actava will produce financial discovery on a confidential basis promptly upon our receipt of a signed copy of the order, and prior to the Court's entry thereof.

Moreover, we have confirmed that Rouslan Tsoutiev is the individual with the most knowledge of the topics raised by your notice of deposition of Actava under Fed. R. Civ. P. 30(b)(6). Further to our email of Friday, March 11, we will make Mr. Toustiev available for a deposition after receipt of a signed copy of the draft order and will work with you to schedule a mutually convenient time for the deposition.

As you know, it is our position that entry of the order is plainly appropriate under the Federal Rules, and will benefit the parties by removing ambiguity from the discovery process and avoiding ad hoc disputes as to individual documents or passages of testimony. As you also know, as edited, the proposed order allows disclosure of all materials and testimony to the parties (and necessary service providers), and would only serve to guard against the disclosure of designated documents to unrelated third parties.

Actava continues to hope that Plaintiffs will agree to stipulate to the draft order. If, however, Plaintiffs will not so stipulate, Actava is prepared to move the Court for entry of the order in the form provided to you on March 7.

We look forward to your reply.

Very truly yours,



**Jonathan A. Malki**
**Associate**
**Gottlieb, Rackman & Reisman, P.C.**



☎ (212) 684-3900 ext. 240
🏠 www.grr.com
✉ jmalki@grr.com
📠 270 Madison Avenue,
   New York, New York 10016

**Manhattan | Garden City | White Plains**

   

This message is intended solely for the use of the Addressee (s) and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Gottlieb, Rackman & Reisman, P.C. for any loss or damage arising in any way from its use.  Thank You.

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Jonathan A. Malki |
| **Sent:** | 11 March 2016 06:21 PM |
| **To:** | Christopher Vidulich; Marc Misthal |
| **Cc:** | Raymond Dowd; Samuel Blaustein; Anna-Katharina Hoffmann |
| **Subject:** | RE: CTC v. Actava Deposition Notice |

Christopher:

Thanks for your email. We have forwarded the notice on to our client and will advise early next week as to the identity of the deponent and scheduling the deposition.

We also note that because the deposition will largely if not entirely concern questions related to Actava's finances, we again reiterate the need for a protective order permitting the parties to deem certain disclosures confidential as to third parties. To that end, we continue to hope that Plaintiffs will stipulate to the most recent draft of the protective order that we submitted earlier this week, sparing the parties any needless motion practice on that issue.

Very truly yours,



**Jonathan A. Malki**
☎ (212) 684-3900 ext. 240

---

**From:** Christopher Vidulich [mailto:CVidulich@dunnington.com]
**Sent:** 11 March 2016 12:02 PM
**To:** Marc Misthal; Jonathan A. Malki
**Cc:** Raymond Dowd; Samuel Blaustein; Anna-Katharina Hoffmann
**Subject:** CTC v. Actava Deposition Notice

Mr. Misthal and Mr. Malki,

As a follow up to the last teleconference, please find attached the 30(b)(6) Notice of Deposition for Actava TV Inc.

Thank you,

Christopher Vidulich
Paralegal
**DUNNINGTON, BARTHOLOW & MILLER LLP**
250 Park Avenue, Suite 1103
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
Email: cvidulich@dunnington.com
Email Disclaimer

## Jonathan A. Malki

| | |
|---|---|
| **From:** | Jonathan A. Malki |
| **Sent:** | 09 March 2016 05:21 PM |
| **To:** | Raymond Dowd; Samuel Blaustein |
| **Cc:** | Anna-Katharina Hoffmann; 'Christopher Vidulich'; Marc Misthal |
| **Subject:** | Waiver of Service & Protective Order |
| **Attachments:** | JSC Channel One Russia Worldwde, et al. v. Infomir, LLC, et al. - 16 Civ. 1318 - Waiver of Service of Summons.pdf |

Ray and Sam:

As promised, attached please find our waiver accepting service of the complaint filed in *JSC Channel One Russia Worldwide, et al. v. Infomir, LLC, et al*., 16 Civ. 1318, on behalf of Actava TV, Inc., Master Call Communications, Inc., Master Call Corporation, and Rouslan Tsoutiev.

In addition, as per our meet and confer this afternoon, with respect to the entry of a protective order providing for the confidentiality of sensitive financial information we draw your attention to the following:

Fed. R. Civ. P. 26(c)(1):  "the court may, for good cause, issue [a protective] order … including … (G) [an order] requiring that … commercial information not be revealed or be revealed only in a specific way."

*In re Zyprexa Litig.*, 474 F.Supp.2d 385, 416 (E.D.N.Y. 2007) ("[T]he propriety and desirability of protective orders securing the confidentiality of documents containing sensitive commercial information that are the subject of discovery … is too well established to belabor."

*Std. Inv. Chtd., Inc. v NASD*, 2008 U.S. Dist. LEXIS 4617, at *50 (S.D.N.Y. Jan. 23, 2008) (defendant's "confidential business information and tax return information" held confidential subject to protective order).

Actava is prepared to produce tax returns and accounting statements for the years 2012-2015 on a confidential basis. It is clearly appropriate that these sensitive financial documents be protected against disclosure to third parties. As you know, per our revision of the draft order, all documents produced by Actava may be shared with Plaintiffs directly, regardless of designation.

To reiterate our representation during the meet and confer, as a show of good faith, should Plaintiffs agree to the draft protective order that we provided on Monday, Actava will agree to produce the above-referenced documents upon receipt of a signed copy of the order—in other words, prior to the Court's entry thereof.

We look forward to your reply.

Very truly yours,



**Jonathan A. Malki**
**Associate**
**Gottlieb, Rackman & Reisman, P.C.**



☏ (212) 684-3900 ext. 240
🏠 www.grr.com
✉ jmalki@grr.com
📠 270 Madison Avenue,
   New York, New York 10016

**Manhattan | Garden City | White Plains**

   

This message is intended solely for the use of the Addressee (s) and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Gottlieb, Rackman & Reisman, P.C. for any loss or damage arising in any way from its use.  Thank You.

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Raymond Dowd <RDowd@dunnington.com> |
| **Sent:** | 09 March 2016 02:37 PM |
| **To:** | Marc Misthal; Jonathan A. Malki |
| **Cc:** | Samuel Blaustein; Anna-Katharina Hoffmann; Christopher Vidulich |
| **Subject:** | CTC v Actava - Case 1:15-cv-08681-GBD-BCM -  Actava's Discovery Defaults |

| | |
|---|---|
| **Importance:** | High |

Good Afternoon:

In advance of our meet-and-confer, I note as follows:

The Court's Scheduling Order (ECF Doc. 33) specifically stated that discovery would not be stayed.  Nevertheless, Actava did not produce a single document or information of any kind.  We do not believe that confidentiality or other concerns render it impossible for Actava to produce information regarding its (i) total number of subscribers; and (ii) revenue for the past three years.  Certain information e.g. credit card or social security numbers can be redacted or the information can produced in a summary form in the first instance

With respect to your revised proposed confidentiality order, we already told you that we would not consider a blanket order but would be willing to discuss documents on a case-by-case basis.  You have failed to indicate any documents or information that qualifies as confidential in more than a conclusory, overbroad manner and have failed to provide us with any legal support for your claims of confidentiality.  The foregoing notwithstanding, we do not believe that there is any excuse for the delays in production of non-confidential documents.

With respect to the source of the infringement, we do not believe that it can reasonably disputed that Actava purposefully broadcast our clients' programing without authorization or consent.  While you have represented on multiple occasions that the information is available and will be produced in some form, nothing has been received.  As you are aware, this is the most critical piece of information sought by our clients and we are prepared, if necessary to move to compel its production.  We believe that the language of the injunction directing your client to stop injuring our clients' goodwill, to stop referring to our clients and to stop contributing directly or indirectly to the infringement of others already compels your client to take down the notices on Actava's website referring to our clients' programming being restored and to provide us with the information necessary to cure the security breach that your client either created or.  We have repeatedly brought this misconduct to your attention and you have ignored it.   We have requested as Request number 12 "All documents concerning Actava's compliance with the Injunction." Such documents should reflect the source of infringements and Actava's instructions that show that the source of infringements is no longer being used.

We believe that information regarding the source of infringements is relevant and discoverable because it is related to both damages and the injunction issued by Judge Daniels.  Specifically, as to damages, how Actava accessed the relevant signals speaks to its willfulness and the quantum of damages available under the various statutory claims asserted by Plaintiffs.  With respect to the injunction, Actava is precluded from using Plaintiffs channels "directly or indirectly"  and "unfairly competing with, injuring the business reputation of, or damaging the goodwill of Plaintiffs."  (ECF Doc. 20).  We believe that in failing to disclose how Actava engaged in its admitted infringement that Actava is in willful violation of the injunction.  We have evidence suggesting that Actava is willfully facilitating further infringement and/or inhibiting Plaintiffs ability to stop ongoing infringement.  Among other things, we are aware that the servers used to host Actava were registered by other

companies controlled by Mr. Tsoutiev and we believe that evidence will show that infringing information passed through those servers following the issuance of the injunction. Therefore, we believe that an application by order to show cause directing production of the information we seek in addition to other relief, including but not limited to the seizure of the servers, will be successful if we cannot address the issue of the source.

I refer you to *WeddingChannel.Com, Inc. v. The Knot, Inc*., No. 03 CIV. 7369 (RWS), 2004 WL 2984305, at *2 (S.D.N.Y. Dec. 23, 2004), an infringement action in which the court held that there is "likely to be substantial overlap between the evidence that will be offered on the issue of liability and that which will be offered on the issue of damages in this case" and compelling discovery on the issue of willful infringement. Similarly, I refer you to *Next Phase Distribution, Inc. v. John Does 1-27*, 284 F.R.D. 165, 171 (S.D.N.Y. 2012) in which expedited discovery was ordered and the court stated that "courts have found good cause for early discovery when the plaintiff has presented a *prima facie* case of copyright infringement and statutory provisions prevent the plaintiff from identifying John Does without a court-ordered subpoena."

The "non-production of evidence" and "purposeful sluggishness" in responding to authorized discovery are appropriate grounds for a motion to compel. *Residential Funding Corp. v. DeGeorge Fin. Corp.,* 306 F.3d 99, 107 (2d Cir. 2002). Moreover, the failure to produce documents necessitating a motion to compel may result in an award of costs and fees. *Mantell v. Chassman*, 512 F. App'x 21, 24 (2d Cir. 2013). Here, Actava's infringement is not in issue; the Injunction remains in effect; Plaintiffs' content remains subject to infringement and you have stated to the Court that the information relating to the source of the is within your possession and you have not, as is your burden, established why it is confidential. Respectfully, we ask that you reconsider your refusal to provide information regarding the source.

Ray

Raymond J. Dowd
Partner
**DUNNINGTON, BARTHOLOW & MILLER LLP**
250 Park Avenue
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
Email: rdowd@dunnington.com

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Jonathan A. Malki |
| **Sent:** | 08 March 2016 05:00 PM |
| **To:** | 'Raymond Dowd'; Marc Misthal |
| **Cc:** | Samuel Blaustein; Anna-Katharina Hoffmann; Christopher Vidulich |
| **Subject:** | RE: CTC v Actava -  Discovery Defaults |

Raymond and Sam:

Thank you for your email. We respond as follows:

1.  Source Information:

Concerning source information, we note that the Court has twice informed Plaintiffs that current discovery is directed to the question of financial damages only, and not to the merits of the case. In our view, the technical nature of Actava's service has no bearing on the question of the amount of damages, if any, due to Plaintiffs. However, if you are aware of any contrary authority we would be happy to review it.

We also note that Plaintiffs' First Request for Documents does not call for source information. Requests Nos. 1 and 2 seek documents related to "Actava's rights to broadcast" Plaintiffs' channels and programming; meanwhile, Request No. 11 seeks documents relating to "the location of Actava's servers or agreements with third-party server providers." None of the requests demand information as to the source of content.

Notwithstanding the foregoing, we reiterate that as per our email of March 3 and our representations to the Court, Actava will promptly provide information concerning the source of access in the context of settlement and subject to an agreement from Plaintiffs to keep such information confidential.

2.  Financial Information and Protective Order

As set out in Actava's Responses and Objections to Plaintiffs' First Request for Production, Actava will provide "documents sufficient to verify gross revenues for three years preceding the filing of this litigation," on a confidential basis upon the entry of a protective order.

Actava continues to insist on the entry of a protective order, as expressly contemplated by Fed. R. Civ. P. 26(c). Such order will not only clearly define the parties' expectations as to confidentiality, but also avoid the difficulties sure to result from negotiating the status of each document on an ad hoc basis. Moreover, it is commonplace and appropriate for litigants to produce tax returns, financial documents, and other non-public information on a confidential basis to avoid widespread disclosure of sensitive information to the public. See, e.g., In re Zyprexa Litig., 474 F.Supp.2d 385 (E.D.N.Y. 2007).

To that end, as you know, we provided you with a revised draft order yesterday evening responsive to Judge Moses' and Plaintiffs' concerns. As revised, all documents produced subject to the order would be accessible to the parties and any necessary service providers, and would be protected only against disclosure to unrelated third parties.

Just as we are confident that this revision addresses Judge Moses' concerns, we hope that it will also allay any misgivings Plaintiffs may have as to the entry of a protective order. As such, please advise if you will stipulate to the entry of the protective order that we forwarded to you last night.

Please note that in light of our phone conference of February  25 as well as our various email exchanges concerning the entry of a protective order it is Actava's position that the parties have adequately met and conferred on this issue.

Finally, we are available for a phone conference tomorrow, March 9, if you would like to further discuss any of these matters.

Very truly yours,

 **Jonathan A. Malki**
☎ (212) 684-3900 ext. 240

---

**From:** Raymond Dowd [mailto:RDowd@dunnington.com]
**Sent:** 07 March 2016 05:58 PM
**To:** Jonathan A. Malki; Marc Misthal
**Cc:** Samuel Blaustein; Anna-Katharina Hoffmann; Christopher Vidulich
**Subject:** CTC v Actava - Discovery Defaults

Gentlemen:   We did not receive any discovery in response to our repeated requests.  Our meet and confer last week was not successful and you did not respond to the substance of our requests for discovery.

As we read our obligations, we should take another stab at a meet and confer.   Simply put:

1. We want to know how the security hole was created by your client (or third party) and information sufficient to understand the damages that came from that hole, whether caused by your client, an accomplice or a third party;
2. We want documents sufficient to verify gross revenues for three years preceding the filing of this litigation;
3. We agree with Judge Moses about attorneys eyes only production (her position mirrors what we said in the meet and confer.
4. We do not agree to a confidentiality order but if you have some documents that you would like to discuss, as we said last Thursday, we are willing to consider them.   We do not understand why financial documents would be confidential, you can redact social security numbers.

We intend to make a motion to compel so we want to be sure that we understand and convey to the court your positions accurately.

Thank you.

Ray

Raymond J. Dowd
Partner
**DUNNINGTON, BARTHOLOW & MILLER LLP**
250 Park Avenue
New York, New York 10177

## Jonathan A. Malki

| | |
|---|---|
| **From:** | Jonathan A. Malki |
| **Sent:** | 07 March 2016 05:59 PM |
| **To:** | 'Raymond Dowd'; 'Samuel Blaustein' |
| **Cc:** | Marc Misthal |
| **Subject:** | RE: CTC v. Actava CTC v. Actava 15 Civ. 8681 (GBD)(BCM) - revised draft protective order |
| **Attachments:** | CTC et al. v. Actava - Revised Draft Protective Order 3.7.16.docx |

Gentlemen:

In light of Judge Moses' remarks during the conference this afternoon, attached for your review please see the following revision of the draft protective order. Please note that this draft does not include a designation of "Highly Confidential—Attorneys'-Eyes Only". Please let us know if you have any comments or edits to the draft.

We are hopeful that this draft will satisfy any lingering concerns. Upon entry of the protective order, Actava will produce documents responsive to Plaintiffs' first request for production.

Very truly yours,


**Jonathan A. Malki**
☎ (212) 684-3900 ext. 240

---

**From:** Jonathan A. Malki
**Sent:** 25 February 2016 06:28 PM
**To:** 'Raymond Dowd'; Samuel Blaustein
**Cc:** Marc Misthal
**Subject:** CTC v. Actava CTC v. Actava 15 Civ. 8681 (GBD)(BCM) - revised draft protective order

Dear Raymond and Sam:

Per our conference earlier today, please see the attached draft revised protective order for your review.

Best,
Jon



**Jonathan A. Malki**
**Associate**
**Gottlieb, Rackman & Reisman, P.C.**



☎ (212) 684-3900 ext. 240
🏠 www.grr.com
✉ jmalki@grr.com
📠 270 Madison Avenue,
   New York, New York 10016

**Manhattan | Garden City | White Plains**

   

This message is intended solely for the use of the Addressee (s) and may contain information that is PRIVILEGED and CONFIDENTIAL.  If you are not the intended recipient, you are hereby notified that any dissemination of this communication is strictly prohibited.  If you have received this communication in error, please delete all copies of this message and any attachments and notify us immediately.  Although this email and any attachments are believed to be free of any virus or other defect that might affect any computer system into which it is received and opened, it is the responsibility of the recipient to ensure that it is virus free and no responsibility is accepted by Gottlieb, Rackman & Reisman, P.C. for any loss or damage arising in any way from its use.  Thank You.

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Raymond Dowd <RDowd@dunnington.com> |
| **Sent:** | 07 March 2016 05:58 PM |
| **To:** | Jonathan A. Malki; Marc Misthal |
| **Cc:** | Samuel Blaustein; Anna-Katharina Hoffmann; Christopher Vidulich |
| **Subject:** | CTC v Actava -  Discovery Defaults |

Gentlemen:   We did not receive any discovery in response to our repeated requests.  Our meet and confer last week was not successful and you did not respond to the substance of our requests for discovery.

As we read our obligations, we should take another stab at a meet and confer.   Simply put:

1. We want to know how the security hole was created by your client (or third party) and information sufficient to understand the damages that came from that hole, whether caused by your client, an accomplice or a third party;
2. We want documents sufficient to verify gross revenues for three years preceding the filing of this litigation;
3. We agree with Judge Moses about attorneys eyes only production (her position mirrors what we said in the meet and confer.
4. We do not agree to a confidentiality order but if you have some documents that you would like to discuss, as we said last Thursday, we are willing to consider them.   We do not understand why financial documents would be confidential, you can redact social security numbers.

We intend to make a motion to compel so we want to be sure that we understand and convey to the court your positions accurately.

Thank you.

Ray

Raymond J. Dowd
Partner
**DUNNINGTON, BARTHOLOW & MILLER LLP**
250 Park Avenue
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
Email: rdowd@dunnington.com

1

**Jonathan A. Malki**

| | |
|---|---|
| **From:** | Raymond Dowd <RDowd@dunnington.com> |
| **Sent:** | 05 March 2016 04:33 PM |
| **To:** | Jonathan A. Malki |
| **Cc:** | Marc Misthal; Samuel Blaustein; Anna-Katharina Hoffmann; Christopher Vidulich |
| **Subject:** | CTC v. Actava 15 Civ. 8681 (GBD)(BCM) -  Objections To Actava's Refusal To Comply With Discovery Obligations |

Dear Mr. Malki:

 We have reviewed your discovery objections and are very concerned, especially in light of Judge Moses' Order expressly stating that discovery "served in connection with the damages inquest shall not be stayed," that Actava has failed to produce a single document or to provide any other information in response to our discovery efforts.  We believe that Actava has failed to comply with the Court's Order and the Federal Rules.  Accordingly, we request that Actava reconsider its discovery objections and make an initial production immediately.

 Although a district court has discretion under Rule 55(b)(2) once a default is determined to require proof of necessary facts, the district court need not agree that the alleged facts constitute a valid cause of action to award damages. *Au Bon Pain Corp. v Artect, Inc.,* 653 F2d 61, 65 (2d Cir 1981) (citing 10 C. Wright & A. Miller, Federal Practice & Procedure s 2688, at 280-81, 282). Under Section 47 U.S.C. Section 605e(3)(B), which governs unauthorized interception and rebroadcast of radio or satellite communications, following a default judgment:

 **the party aggrieved may recover the actual damages suffered by him as a result of the violation and any profits of the violator that are attributable to the violation which are not taken into account in computing the actual damages; in determining the violator's profits, the party aggrieved shall be required to *prove only the violator's gross revenue*, and the violator shall be required to prove his deductible expenses and the elements of profit attributable to factors other than the violation...** *J&J Sports Productions, Inc. v. Brazilian Paradise, LLC,* 789 F.Supp.2d 669 (D.S.C. 2011)(emphasis supplied).   The relevant period of time is three years. *National Satellite Sports, Inc. v. Time Warner Entertainment Co., L.P.,* 255 F.Supp.2d 30766  (S.D.N.Y. 2003)(Rakoff, J.)(borrowing statute of limitations from Copyright Act); *accord Entertainment by J&J v. 78 Enterprises, Inc.*, 2003 WL 1960586 (S.D.N.Y. 2003)(Cote, J.).

Thus, Plaintiffs are entitled to discovery into Actava's gross revenue for a period of three years preceding the filing of this action.  This includes information regarding the nature and source of the infringements and the scope of the distribution.  While you have represented that your client has ceased distributing infringing content through the URL www.actava.tv, you have not provided us with assurance that your client has ceased to otherwise profit from distributing infringing content.  Actava of course has the right to assert valid objections and to withhold documents on the basis of privilege.  However, as to the former, in our view, a blanket objection coupled with a representation that discovery will only be provided if your motion to vacate fails  equates to a willful disregard of the Court's Order and applicable discovery rules.  As to the latter, you have failed to produce a privilege log.  Further, the failure to produce any information prejudices Plaintiffs who are seeking to curtail infringement.

Plaintiffs discovery requests seek information pertaining to damages – including any opposition to damages claims that could be raised by Actava at an inquest - and that are otherwise related to assessing the scope of damages in this case. Among other things, Plaintiffs' Request Nos. 1-2 concerning any rights Actava may have

had to re-broadcast Plaintiffs' channels and programming; Request No.. 3 concerns Actava's ownership structure; Request No. 7 concerns the number of subscribers to Actava, request No. 8 concerns the payments received by Actava relating to its infringement; Request No. 13 concerning agreements with electronic payment processors.  Contrary to your blanked objection, the foregoing request clearly relate to damages.

If, as we believe, your client was charging approximately $20.00 per month to 30,000 subscribers, this would represent a monthly gross revenue of $600,000, an annual infringement of $7,200,000 and over a three year period roughly $21,400,000 in infringement proceeds.  At a minimum, this type of information could be identified through monthly reports from Santander and any other relevant financial institutions.  It could also be verified by Actava's bank statements.

Plaintiffs bear the burden of establishing damages post-default.  *Greyhound Exhibitgroup, Inc. v. E.L.U.L. Realty Corp.,* 973 F.2d 155, 160 (2d Cir. 1992).  Accordingly, we have diligently sought Actava's compliance as well as that of third parties. Clearly, Actava's gross revenue, as well as proof of offsets, if any, are relevant to the damages claim.  *Cameron Indus., Inc. v. Larose, Inc*., No. 09 CIV. 2522 RJH AJP, 2010 WL 4242323, at *2 (S.D.N.Y. Oct. 7, 2010) *report and recommendation adopted,* 2010 WL 4877836 (S.D.N.Y. Nov. 30, 2010)(awarding damages equal to total revenue gained from infringement).  As it stands, Actava has not only refused to provide any information, it has impermissibly sought to limit Plaintiffs' third-party discovery and sought to unilaterally cloak relevant and discoverable information under a veil of secrecy by invoking – mistakenly – Federal Rule of Evidence 408.  The foregoing could, and should, serve as the basis for the Court to deny the motion to vacate and award Plaintiffs there costs and fees.  *Local Union No. 40 of the Int'l Ass'n of Bridge v. Car-Wi Const.*, 88 F. Supp. 3d 250, 263 (S.D.N.Y. 2015); *Bloomingdale's, Inc. v. Bloomingdeal's, Inc.*, No. 89 CIV. 7711 (JMC), 1991 WL 19995, at *3 (S.D.N.Y. Feb. 8, 1991).  We note that you have mischaracterized our statements to you regarding your proposed protective order.  We did not agree to enter any protective order and specifically said that we would not do so.  Thus if you are delaying turning over documents based on your purported concerns for confidentiality based on our purported failure to respond to you, this is improper dilatory conduct.  We informed you that if you identified specific documents that you wanted to keep confidential, we would be happy to consider the request.  Further, the Court cod make an informed camera determination.

Entry of a default is an appropriate remedy and may be ordered by Judge Moses.  If you continue to refuse to comply with your discovery obligations we will seek relief in the form of cosrs and other relief from the court.  *S. New England Tel. Co. v Glob. NAPs Inc.,* 624 F3d 123, 127-28 (2d Cir 2010).  To be clear, Plaintiffs desire for this matter to settle as expeditiously as possible.  As you know, Plaintiffs have targeted other infringers and their interest is in protecting intellectual property and not engaging in wasteful and costly motion practice.  We request that you stop stonewalling our legitimate discovery efforts and provide us immediately with a good-faith production as a means towards settling this matter or providing a concise presentation to Judge Moses towards determining damages.

Respectfully yours,

Raymond J. Dowd

Partner

**DUNNINGTON, BARTHOLOW & MILLER LLP**
250 Park Avenue
New York, New York 10177
Telephone: 212-682-8811
Facsimile: 212-661-7769
Email: rdowd@dunnington.com