

ATTORNEYS AT LAW

250 Park Avenue | New York, NY 10177 | Telephone: 212.682.8811 | www.dunnington.com | rdowd@dunnington.com

March 21, 2016

**VIA ECF**
Hon. Barbara Moses
Daniel Patrick Moynihan Courthouse
500 Pearl Street, Room 920
New York, NY 10007

    Re:    *Closed Joint Stock Co. "CTC Network", et al. v. ActavaTV, Inc., 15 Civ. 8681*

           **Response to Defendants' March 18, 2016 Letter And Request For Leave To File A Motion To Compel**

Dear Judge Moses:

    We represent Plaintiffs in the above-referenced action. We respond to address a discovery dispute raised in a March 18, 2016 letter from counsel for Defendant Actava TV, Inc. ("Actava") requesting a pre-motion conference regarding its proposed blanket confidentiality order (ECF Doc. 48). We also seek leave to file a motion to compel discovery in accordance with Local Rule 37.2 and Section II(B) of Your Honor's Individual Practices.

    A.   The Proposed Blanked Confidentiality Order Is Unwarranted And Prejudicial

    Actava seeks the entry of a blanket confidentiality order as a precondition to the production or inspection of any documents alleged to contain financial information. Plaintiffs have explained during several meet-and-confer sessions that a blanket confidentiality order is unnecessary and inappropriate because, among other things, Actava has not met its burden towards demonstrating the need for one whereas Plaintiffs have demonstrated a likelihood of prejudice because their lawful investigation and enforcement efforts would be severely hampered if the blanket confidentiality order is approved. Further, Actava has failed to respond to any of Plaintiffs' suggestions towards eliminating the need for a blanket confidentiality order, including but not limited to redactions, or to demonstrate that any documents sought contain confidential information.

    Pursuant to Rule 26(c) of the Federal Rules of Civil Procedure, Actava must demonstrate "good cause" as to why documents it seeks to shield from scrutiny are confidential. Contrary to Actava's representation that Plaintiff's have "inexplicable refused" to enter into a confidentiality order, it is Actava's burden to establish that a protective order is required by establishing "good



cause." *Gambale v. Deutsche Bank AG,* 377 F.3d 133, 142 (2d Cir.2004). Generally, "'good cause' is established when a party is able to show that a 'clearly defined, specific and serious injury' will occur in the absence of such an order." *McDonnell v. First Unum Life Ins. Co.*, No. 10 CV 08140 RPP, 2012 WL 13933, at *1 (S.D.N.Y. Jan. 4, 2012).

Aside from conclusory and circular attestations of confidentiality, Actava has not advanced any argument or tendered any proof in support of its request that the Court cloak its discovery information in secrecy. Instead, Actava has taken the untenable position that all documents containing financial information are automatically entitled to a veil of confidentiality despite significant authority to contrary. As concisely stated in a prior case, "[i]f a party could obtain a protective order based merely on an assertion that it would prefer to keep a document from public view, Rule 26(c)'s 'good cause' requirement would be meaningless." *Schiller v. City of New York*, No. 04 CIV. 7921 KMK JCF, 2007 WL 136149, at *8 (S.D.N.Y. Jan. 19, 2007) *See Houbigant, Inc. v. Dev. Specialists, Inc.,* No. 01 CIV. 7388 LTSGWG, 2003 WL 21688243, at *3 (S.D.N.Y. July 21, 2003) (denying request to permit all documents to be designated confidential because they contained financial information). Actava has clearly failed to meet its initial burden. Specifically, the case law upon which Actava relies, *In re Zyprexa Injunction,* 474 F.Supp.2d 385, 416 (E.D.N.Y. 2007) and *Standard Inv. Chartered, Inc. v. Nat'l Ass'n of Sec. Dealers, Inc.* 2008 U.S. Dist. LEXIS 4617, at *50 (S.D.N.Y. Jan. 23, 2008) are inapposite and this fact was made known to them prior to the filing of their letter.

Conversely, Plaintiffs are foreign companies with many key employees and consultants for whom English is not a first language. Plaintiffs intend to use much of the information requested to investigate infringements and to ensure the reliability of information received. Investigations necessarily entail sharing of information as between investigators, translators, technicians, attorneys and other third-parties. Accordingly, there is a risk that, in conducting investigations, information may be inadvertently released or that a restriction on disclosure may be misconstrued. Additionally, Plaintiffs may choose to share information with other victims of infringement to calculate fair settlements or offsets and to coordinate anti-infringement activities. Plaintiffs have the right to use the information sought for these legitimate purposes related to the prosecution of this litigation and the avoidance of competing or contradictory claims to the proceeds of the infringements and indeed have the right and intend to do so.

Given that protective orders are extraordinarily difficult to modify, Plaintiffs will incur a substantial and continuing burden by voluntarily entering into Actava's draft protective order. *AT & T Corp. v. Sprint Corp.*, 407 F.3d 560, 561 (2d Cir. 2005). Specifically, as repeatedly expressed to counsel for Actava, Plaintiffs will incur a substantial burden because a confidentiality order will hamper lawful and necessary enforcement efforts. Nevertheless, Actava has steadfastly rejected Plaintiffs' offers to have any sensitive documents redacted or for a proffer to be made as to why certain documents are entitled to a confidentiality designation. Actava has insisted on nothing short of a blanket confidentiality order even though redactions are routinely used as a means towards protecting confidential materials under Rule 26. *See Refco Grp. Ltd., LLC v. Cantor Fitzgerald, L.P.,* No. 13 CIV. 1654 RA HBP, 2015 WL 4298572, at *5 (S.D.N.Y. July 15, 2015). Similarly, Actava's March 18 letter entirely elides the fact that we



invited counsel for Actava to present a legal basis as to why a confidentiality order is required in the first instance.

Absent any tender of proof as to why documents are confidential, Plaintiffs would assume the substantial risk of breaching an overbroad confidentiality order that appears to be sought not to protect legitimate business information but to insulate from scrutiny the multi-million-dollar profiteering of an international infringement ring. Actava continues to refuse to assist Plaintiffs in plugging the security hole that it exploited for profit. Actava's unwillingness to produce information as to, among other things, how it acquired and disseminated Plaintiffs' encrypted signals continues to cause irreparable harm further establishing why Plaintiffs cannot agree to Actava's demand for a blanket confidentiality order.

  B. <u>The Court Should Grant Leave For Plaintiffs To File A Motion To Compel</u>

As indicated in Defendant's letter, counsel engaged in telephonic meet-and-confer sessions for approximately one hour on February 25, 2016 and again on March 9, 2016. We met and conferred again on March 21, 2016 and counsel for Actava stated that there was nothing further to discuss on the topic of Actava revealing information showing the source and method of infringements. Accordingly we request that the Court grant leave for Plaintiffs to file a motion to compel production of information sufficient to reveal the method and source of Actava's infringements and verifiable financial information sufficient to establish gross revenues flowing from Actava's infringements in order for Plaintiff to present an accurate assessment of its damages at inquest. The foregoing discovery is necessary because Plaintiffs damages will be determined based, in large part, on Actava's revenues. *Bus. Trends Analysts, Inc. v. Freedonia Grp., Inc.,* 887 F.2d 399, 404 (2d Cir. 1989). Additionally, the willfulness of Actava's conduct is a relevant factor for the Court to consider and willfulness may be determined based upon how Actava acquired Plaintiffs' signals. *Days Inn Worldwide, Inc. v. Amar Hotels, Inc.*, No. 05CIV.10100(KMW)(KNF, 2008 WL 2485407, at *6 (S.D.N.Y. June 18, 2008). Accordingly, we request that the Court grant leave for Plaintiffs to file a motion to compel.

              Respectfully submitted,

              /s Raymond J. Dowd

Cc: (Via ECF)
   Counsel of Record